Luis Iturrino López, Petitioner, *v.* District Court of Mayagüez, Respondent.

No. 1090.   Argued December 21, 1936.—Decided February 17, 1937.

*Enrique Báez García* for petitioner.   The respondent did not appear.

Mr. Justice Hutchison delivered the opinion of the Court.

Luis Iturrino López pleaded not guilty to an information for assault to commit manslaughter and an attorney was appointed to defend him.   The case was set for trial and the district judge, on motion of the District Attorney, named

three experts for the purpose of examining the defendant as to his sanity. One of these experts became ill and a substitute was appointed. An entry in the minutes recites that this order naming a substitute was made on the joint motion of counsel for the defense and of the District Attorney. After defendant had been committed to an asylum, his counsel moved to correct this entry on the ground that the recital as to his joinder in the motion for the appointment of a substitute medical expert was contrary to the fact. The district judge then entered the following order:

"The court, in this case, orders the clerk not to file the motion for 'Correction of the Minutes', presented by the accused, inasmach as the Bar Association fee of one dollar was not affixed to said motion, said motion being the initial document filed by the accused, the latter not being insolvent."

██ Section 11 of "An Act to provide for the organization of the Bar Association of Puerto Rico; to specify its functions and duties, and for other purposes," approved May 14, 1932 (Laws of that year, p. 522), reads as follows:

"It shall be the duty of every attorney at law to affix to the initial document filed by him in any judicial action or proceedings a stamp to be adopted and issued by the Bar Association, of the denomination of one (1) dollar."

This is a duty imposed upon the attorney as a member of the bar association. No penalty is provided for a failure to perform this duty unless it be by the terms of the preceding Section which says that:

"Section 10.—Any member who fails to pay his dues, though otherwise qualified as a member of the Association, shall be suspended as such member, but may be reinstated on payment of his debt on this account."

The performance of the duty was not made a condition precedent to the filing of the document. The judicial action or proceedings referred to in Section 11 are, we think, those in which the attorney appears voluntarily as counsel for a

client by whom he has been employed. A criminal case in which an attorney has been designated by the court and so placed in a position where he can not refuse to act as counsel for defendant is not such an action or proceeding. We are unwilling to believe that it was the intention of the legislature to deprive the defendant in a criminal case of the benefits accruing to him from the appointment of counsel by the court in case such counsel should fail or refuse to affix the stamp required by Section 11 of the law of 1932.

In view of the foregoing conclusion we need not consider other interesting aspects of the case.

The order appealed from must be reversed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova took no part in the decision of this case.